

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 10, 1972

Hon. Jimmie D. Oglesby
County Attorney
Midland County Courthouse
Midland, Texas  79701

Dear Mr. Oglesby:

Opinion No. M- 1125

Re:  Salary of the judge of the
Court of Domestic Relations
in and for Midland County,
Texas.

Your request for an opinion on the above subject matter
asks the following questions:

"1.  Does Section 6 of Article 2338-20
R.S.C. have prospective application when it
specifies a salary equal to that 'paid to the
District Judge'?  In other words, does it mean
that the Commissioners Court is duty bound under
the law, and without any discretion in the matter,
to match each and every increment which the State
gives to the District Judge, regardless of when
and how much, and also to match the annual sup-
plemental salary the County pays and has paid to
the District Judge under Articles 6819a-27 and
5139Q, V.C.S.; or does it mean that the salary
entitlement of the Domestic Relations Judge from
year to year is restricted to the annual salary
being paid to the District Judge in the year
1965 when the statute was enacted ($20,800.00)?

"2.  Are the orders of the Midland County
Commissioners Court setting the salary of the
Domestic  Judge for 1972 and prior years immune
from collateral attack?

"3.  Does Article 3912k, R.C.S. repeal the
salary provisions of Section 6 of Article 2338-20?
If so:

"(a)  Must the Domestic Judge submit his claim
for arrearages to the Salary Grievance Committee
created by Art. 3912k?

-5473-

"(b)   Must he submit his grievance as to the setting of his present and future salary to such committee?

"4.   What is the minimum salary which may legally be set for the Domestic Judge for 1972 and subsequent years?"

Section 6 of Article 2338-20, Vernon's Civil Statutes, provides, in part:

". . . The Judge of the Court of Domestic Relations in and for Midland County, Texas, shall be paid a salary which shall be equal to the total salary paid to the District Judge of the 142nd Judicial District Court of Midland County, which shall be paid by the Commissioners Court of Midland County out of the General Fund or the Officers' Salary Fund of the County. . . ."

In construing the above quoted provision, it was held in Attorney General's Opinion C-491 (1965):

"The phrase 'total salary' as that phrase is used in paragraph 6 of House Bill 1158, quoted above, means that a judge of the court of domestic relations is entitled to receive the same salary as a district judge. Attorney General's letter Opinion MS-51 (1953). Therefore, the Judge of the Court of Domestic Relations for Midland County is entitled to receive as salary the amount payable to the Judge of the 142nd Judicial District Court under the provisions of the Appropriations Bill for the next biennium, House Bill 12, 59th Legislature, 1965, and that additional salary paid to the district judge under the provisions of Article 6819a-27, Vernon's Civil Statutes, as well as that compensation to which the district judge is entitled to receive under the provisions of Article 5139Q, Vernon's Civil Statutes, as a member of the Midland County Juvenile Board." (at p. 3, 2321.)

You are therefore advised, in answer to your first question, that the provisions of Section 6 of Article 2338-20 above quoted have prospective application. In other words, the salary of the Judge of the Court of Domestic Relations is not limited to the salary

paid the District Judge of the 142nd Judicial District Court "for the year 1965" for the reason that such phrase does not appear in Article 2338-20.  On the contrary, Section 6 requires that the Judge of the Court of Domestic Relations in and for Midland County, Texas, be paid the same salary that is received by the Judge of the 142nd Judicial District Court.

Turning to your second question, you state in your request that the Judge of the Court of Domestic Relations has received a salary less than the salary paid the District Judge of the 142nd Judicial District Court for the years 1967, 1968, 1969, 1970, 1971 and during 1972 until this time.

Since the provisions of Section 6 of Article 2338-20 require the Judge of the Domestic Relations Court to receive the same salary as that paid the Judge of the 142nd Judicial District Court, it is our opinion that the Judge of the Domestic Relations Court has a claim against the county for the difference between the amount paid the Judge of the 142nd Judicial District and the amount the Judge of the Domestic Relations Court received.

Turning to your third question, the provisions of Article 3912k apply to all county and precinct officials and employees who are paid wholly from county funds with certain exceptions listed in Section 7 of Article 3912k.

The Court of Domestic Rleations in and for Midland County, Texas, is neither a district court nor a county court.  It is a court established by the Legislature by Article 2338-20, under the authority granted it by Section 1 of Article V of the Constitution of Texas to ".  .  . establish such other courts as it may deem necessary." Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641, 645 (1950).

Since the Domestic Relations Court of Midland County is neither a county court nor a district court, the Judge of that Court is not a county officer nor a precinct official nor an employee of the county.  Therefore, the provisions of Article 3912k are not applicable to his salary.  You are therefore advised that Article 2338-20 is not repealed by Article 3912k.

Our answer to your fourth question is the same as our answer to question number one.  The Judge of the Court of Domestic Relations in and for Midland County, Texas, is entitled to receive the same salary as is paid the Judge of the 142nd Judicial District Court.

## S U M M A R Y

The salary of the Judge of the Court of Domestic Relations in and for Midland County, Texas, is governed by Article 2338-20, V.C.S., which has not been repealed by Article 3912k, V.C.S.  Under Section 6 the Judge of the Court of Domestic Relations is entitled to receive the same salary as that paid the Judge of the 142nd District Court.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bill Campbell
Bob Lattimore
Scott Garrison
Jack Traylor

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant